UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISHOP B. BROWN,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC, *et al.*<br>Defendants. | No. 1:26-cv-6290-EPG<br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br>(ECF No. 6) |

## I. INTRODUCTION

Plaintiff Bishop Brown filed his complaint against Defendant General Motors, LLC in the Superior Court of California, County of Fresno on July 7, 2026. (ECF No. 1). Defendant removed the action to this Court on August 7, 2026. In the complaint, Plaintiff asserts claims under the Song-Beverley Consumer Warranty Act for breach of express warranty, breach of implied warranty of merchantability, and violation of California Civil Code section 1793.2(b). (*Id.*)

Now before the Court is Plaintiff's motion to remand this case to state court, which argues that Defendant has failed to establish an amount in controversy in excess of $75,000 and the Court should remand the action under 28 U.S.C. § 1447(c). (ECF No. 6).

For the reasons set forth below, the Court will deny Plaintiff's motion to remand.[1]

\\\

\\\

[1] On October 28, 2026, the District Judge issued an order assigning this action to the undersigned for all purposes, including trial and entry of judgment pursuant to 28 U.S.C. 636(c)(1). (ECF No. 16).

## II. BACKGROUND

### a. Summary of the Complaint

Plaintiff filed the complaint in the Superior Court of Fresno, County of Fresno on July 7, 2026. (ECF No. 1-2 at 2). In the complaint, he asserts three causes of action: violation of the Song-Beverley Act for breach of express warranty; violation of the Song-Beverley act for breach of implied warranty, and violation of the Song-Beverley Act under California Civil Code section § 1793.2.

Plaintiff alleges the following: On March 21, 2024, he purchased a 2024 GMC Sierra and paid $99,472.50. (*Id.* at 5). Defendant General Motors provided a warranty for the vehicle, which provided maintenance for the utility or performance of the vehicle or compensation if a failure in the utility or performance arose. Plaintiff asserts that the vehicle was delivered to Plaintiff with serious defects and nonconformities and developed other serious defects and nonconformities including engine, emission, transmission, and electrical system defects. (*Id.*).

In November 2025, with approximately 30,721 miles on the vehicle, Plaintiff presented the vehicle for repairs due to a difficulty shifting gears. (*Id.*). In February 2026, with approximately 35,143 miles on the vehicle, Plaintiff presented it for repairs because of an abnormal noise from the engine bay. (*Id.*). In March 2026, with 35,870 miles, Plaintiff presented the vehicle for repairs due to an OnStar feature malfunction and a "Check Engine" light illuminated on the instrument cluster. (*Id.*). In April 2026, with approximately 36, 693 miles, Plaintiff presented the vehicle for repairs because of an abnormal noise while shifting gears. (*Id.*)

Following these visits for service, Plaintiff revoked the sales contract. (*Id.*).

Under his first cause of action, Plaintiff alleges General Motors willfully violated the Song-Beverley Act and is entitled to a civil penalty two times the actual damages of General Motors' willful failure to comply with the Act. These penalties are in addition to the amounts recovered. (ECF No. 1-2 at 17, 20).

### b. Removal

General Motors removed the case to this Court on August 7, 2026, asserting subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1 at 2-3).

General Motors' notice asserted that, "GM's preliminary investigation into Plaintiff's allegations revealed a plausible basis for subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a)." (*Id.* at 3). General Motors supports this claim by providing that Plaintiff purchased the subject vehicle for $99,472.40. (*Id.* at 4, citing ECF No. 1-2 at 5, ¶ 8). Following General Motors' preliminary investigation, it was estimated that $25,466.00 should be deducted from the purchase price as required for mileage offset. (ECF No. 1 at 5). General Motors represents that a plausible estimate of actual damages to be $74,006.40 and when conservatively estimating various other deductions, such as negative equity or third-party service contracts, a plausible actual estimate of damages is $64,006.40. Moreover, Plaintiff claims he is entitled to two times actual damages in civil penalties under the Song-Beverly Act. (ECF No. 1-2 at ¶ 34). Thus, Plaintiff's claims satisfy the requisite amount in controversy for removal. (*Id.*).

## III. MOTION TO REMAND

### a. Plaintiff's Motion to Remand

On September 3, 2026, Plaintiff filed a motion to remand the case to the Fresno County Superior Court because "Defendant General Motors LLC ('Defendant; or 'GM') has failed to meet its burden to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332(a)." (ECF No. 6 at 2).

First, Plaintiff argues that Defendant's notice removal calculated Plaintiff's actual damages at $64,006.40, after applying statutory mile and other offsets, which falls below the required amount in controversy to establish subject jurisdiction based on diversity (*Id.* at 5). Additionally, Plaintiff argues Defendant's inclusion of civil penalties in an amount of two times Plaintiff's actual damages to reach the jurisdictional threshold is improper because the Song-Beverley act authorizes a penalty of *up to* twice the actual damages, not an automatic maximum penalty amount. (*Id.*). Thus, a Plaintiff must establish a violation of the Song-Beverley Act was willful to recover the maximum penalty. (*Id.* at 7). As a result, Plaintiff argues that the estimated

damages are below the jurisdictional threshold because Defendant has not established by a preponderance of evidence that the amount in controversy exceeds $75,000.

Plaintiff further argues that Defendant improperly included attorneys' fees in order to meet the required amount in controversy. Specifically, Plaintiff states

> Its Notice asserts that Plaintiff has accumulated "at least $5,000.00" in fees and speculates that fees incurred during the six months following removal will cause the amount in controversy to exceed $75,000.00. (ECF No. 1 at 5.) (Cao Decl. ¶ 9). GM supplies no declaration from counsel, billing records, invoices, hourly rates, number of hours incurred, projected hours, anticipated tasks, litigation schedule, or comparable-case analysis to support those figures.

(*Id.* at 10).

Plaintiff thus argues that Defendant has not carried the burden demonstrating the amount in controversy exceeds $75,000 at removal and the action should be remanded. (*Id.* at 13).

**b. Defendant's opposition**

On September 22, 2026, General Motors filed its opposition to Plaintiff's motion to remand. (ECF No. 8). It argues that Plaintiff's motion should be denied because

> The Ninth Circuit has made clear that the amount in controversy measures the amount "at stake" in the litigation, not the amount the plaintiff is ultimately likely to recover, and that "'[a]mount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 994 (9th Cir. 2022).

(*Id.* at 6). When this standard is applied, Defendant argues that Plaintiff's requested civil penalty places $192,019.20 in controversy, well above the jurisdictional threshold. (*Id.*).

**c. Plaintiff's reply**

On September 24, 2026, Plaintiff filed his reply to Defendant's opposition. (ECF No. 9). Plaintiff continues to argue that Defendant has not met the burden establishing the amount in controversy to meet the jurisdictional threshold. (*Id.* at 2).

## IV. ANALYSIS

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States." 28 U.S.C. § 1332(a).

Moreover, the amount in controversy is "an estimate of the total amount in dispute, not a

prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). The "'[a]mount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability." *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (emphasis in original) (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)).

The Ninth Circuit has also explained that the amount in controversy for federal subject matter jurisdiction includes "all relief claimed at the time of removal," including compensatory damages, statutory penalties, punitive damages, and attorneys' fees recoverable under fee-shifting statutes. *Chavez*, 888 F.3d at 418 ("In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). Future attorneys' fees recoverable by statute are likewise included because they are part of the relief "at stake" in the litigation at the time of removal, even though they have not yet been incurred. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793–95 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

Applying these legal standards, the Court finds that Defendant has satisfied the amount in controversy requirement for diversity jurisdiction. While Plaintiff's complaint does not include a specific calculation of damages, Defendant has explained how Plaintiff's claimed actual damages and expressly pled civil penalties place $192,019.20 in controversy. After the application of deductions and the statutory mileage offset, Defendant estimates the intermediate damages at $74,006.40, based on the $99,742.50 (ECF No. 1-2 at ¶ 8) purchase amount alleged in the Complaint. (ECF No. 8 at 10). Following additional deductions, Defendants estimated Plaintiff's actual damages at $64,006.40. (*Id.*). Plaintiff does not dispute this amount or that defendant miscalculated the amount.

Moreover, Plaintiff's complaint alleges that Defendant, "*willfully* violated the Song-Beverley Act," and thus that Plaintiff is entitled to a civil penalty of up to two times the amount

of actual damages. (ECF No. 1-2 at ¶ 34) (emphasis added); Cal Civ. Code § 1794(c) (authorizing "a civil penalty which shall not exceed two times the amount of damages where the manufacturer's violation is willful").

Thus, the Court finds that Defendant has adequately established that the amount in controversy in Plaintiff's complaint exceeds $75,000 and as a result this Court has subject matter jurisdiction.

## V. CONCLUSION AND ORDER

For the reasons given above, IT IS HEREBY ORDERED that Plaintiff's motion to remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated: **November 5, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE